IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN D McNEIL | § § § | |
| Plaintiff, | § § § | |
| | § | Civil Action No. H-06-2492 |
| v. | § § | |
| BMC SOFTWARE, INC. | § § § | |
| Defendant. | | |

## MEMORANDUM AND ORDER

The parties have each submitted a Motion for Summary Judgment. The court would have preferred to have heard oral argument on the Motions, but the parties desired to waive it.

The basis for Plaintiff's Motion is that the employment contract between her and Defendant was not an at-will contract, but rather a contract for a fixed term. Both the specific documents in question and Texas law are overwhelmingly to the contrary. Plaintiff's Motion [33] for Summary Judgment must be **DENIED.**

As to Defendant's Motion [32] for Summary Judgment, Plaintiff acknowledges that her claim under Title VII (42 U.S.C. § 2000e, *et. seq.*) is time-barred. To that extent, Defendant's motion should be **GRANTED.** Plaintiff also seeks redress under 42 U.S.C. § 1981, and Defendant seeks summary judgment as to this claim, which presents a much closer question.

Plaintiff is an African-American woman and had as her second-line supervisor an African-American male. There seems to be no disagreement that this individual was a difficult, even

abusive boss. Defendant's best responsive argument is that he was difficult to many co-workers, both African-American and non African-Americans. Other issues in the case, however, appear to be keenly contested. Most significantly, the parties disagree as to whether Plaintiff was constructively discharged, or resigned voluntarily. The parties also disagree as to whether Plaintiff was replaced by someone outside the protected class or replaced at all. They disagree as to whether Plaintiff expressed her concerns to the Director of Human Resources; whether Plaintiff's job performance was deficient and, if so, in what respects, and whether the alleged performance deficiencies were pretextual. Additionally, the parties disagree as to whether Plaintiff made sufficient efforts to mitigate her damages.

On the record, the Court is unable to grant Defendant's motion except as to Plaintiff's Title VII claims.

Accordingly, Plaintiff's Motion [33] for Summary Judgment is **DENIED**. Defendant's Motion [32] is **GRANTED**, as to Plaintiff's Title VII claim, and **DENIED** as to Plaintiff's other claims.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this __27th__ day of September 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT COURT