UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN D. MCNEIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 06-cv-02492 |
| | § | |
| BMC SOFTWARE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

During a motion hearing held October 18, 2007, Plaintiff requested that the Court reconsider its finding that Plaintiff's employment with Defendant was at-will, urging the Court instead to find that the employment was for a term of not less than one year. In so moving, Plaintiff renews the argument it advanced at pages 7-9 of its Motion for Summary Judgment (Docket #33), which the Court rejected in its Memorandum and Order dated September 27, 2007 (Docket #69).

Plaintiff's argument relies heavily on the text of an offer letter from Defendant to Plaintiff ("the letter"), offered as Exhibit A to Plaintiff's Motion for Summary Judgment. The plain language of the letter, however, offers no support for Plaintiff's argument, as the letter contains no language that explicitly indicates term employment. *See Montgomery County Hosp. Dist. V. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Plaintiff therefore points to a paragraph of the letter that discusses the payment and possible return of a bonus to make the claim of term employment. Plaintiff's argument is totally undermined by the final sentence of the paragraph, however, which reads, "This sign on bonus payment should not be considered to create any guarantee of continued employment for any length of time." Pl.'s Mot Summ. J., Ex. A. It strains credibility to argue

that a paragraph ending with this sentence should be construed to create an agreement for term employment, particularly in light of Texas' strong presumption in favor of at-will employment. *See, e.g. Federal Express Corp. v. Ductschmann*, 846 S.W.2d 282, 283 (Tex. 1993). That Plaintiff subsequently signed a contract for employment that specifically states that the employment agreement is at-will further undermines Plaintiff's argument.

The balance of Plaintiff's argument in favor of a finding of term employment relies on a Fifth Circuit case, *Hamilton v. Segue Software, Inc.*, 232 F.3d 473 (5th Cir. 2000). *Hamilton* does not strengthen Plaintiff's position. Among the many distinctions between that case and the current matter are: 1) the employee in *Hamilton* did not sign a contract declaring the employment at-will until after he started working, whereas Plaintiff did; and 2) the letter in *Hamilton* included no language disclaiming term employment similar to the language from the letter in this case cited above. *See Hamilton*, 232 F.3d at 476. These distinctions make *Hamilton* a clearer case for finding term employment than this one. Yet even in that clearer case, the Fifth Circuit refused to find term employment, finding that the offer letter was too indefinite to overcome the general presumption of at-will employment. *Id.* at 480. If the facts of *Hamilton* are insufficient to overcome the presumption of at-will employment, the facts of this case are as well.

Finally, the Court notes that both Plaintiff and Defendant resisted the Court's request for a hearing to discuss the arguments advanced in their motions for summary judgment, including this one. The Court, as always, welcomes all appropriate arguments presented by either side, but it questions the wisdom of a request to reconsider an argument after forgoing an opportunity to argue the issue orally.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 22nd day of October 2007.

	THE HONORABLE KEITH P. ELLISON
	UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.