IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MCNEIL, | § | |
| | § | |
| PLAINTIFF | § | CIVIL ACTION NO. H-06-2492 |
| | § | |
| VS. | § | |
| | § | JUDGE KEITH P. ELLISON |
| BMC SOFTWARE, INC., | § | |
| | § | |
| DEFENDANT | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S FIRST AMENDED
### MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff, Karen McNeil, files this First Amended Motion for a Judgment as a Matter of Law and shows the following:

Defendant rested its case on Friday, November 2, 2007. At the completion of its case, the court stated Defendant had not presented a "scintilla" of evidence proving "for cause" termination. Plaintiff presented overwhelming evidence that Defendant involuntarily terminated her. The terms of the agreement only require Plaintiff to repay the $35,000.00 sign-on bonus if Defendant proves she was voluntarily terminated employment or that it terminated Plaintiff for cause. Defendant has failed to raise a material issue of fact on these issues to support a verdict in its favor. Plaintiff requests that a judgment be entered dismissing Defendant's claim for breach of contract and granting her a judgment in her favor on her breach of contract claim.

Additionally, Plaintiff requests that judgment be entered in her favor on the race discrimination claim. Defendant has failed to articulate a legitimate nondiscriminatory reason for constructively discharging Plaintiff. Plaintiff has established a *prima facie* case of race discrimination. Establishing a *prima facie* case raises an inference of unlawful discrimination,

and the burden of production shifts to the defendant to proffer a legitimate, nondiscriminatory reason for the challenged action. *Blow v. City of San Antonio*, 236 F.3d 293, 296-297 (5th Cir. 2001). An employer must clearly set forth, through the introduction of admissible evidence, the reasons for plaintiff's discharge. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981). The employer knows that its failure to introduce evidence of a nondiscriminatory reason will cause judgment to go against it unless the plaintiff's prima facie case is held to be inadequate in law or fails to convince the factfinder. *St. Mary's Honor Center, et al. v Hicks*, 509 U.S. 502, 510 fn. 3 (1993). Because Defendant has failed to articulate a legitimate nondiscriminatory reason for constructively discharging Plaintiff, Plaintiff is entitled to judgment as a matter of law.

        Respectfully submitted,

         /s/   Victoria L. Plante
        VICTORIA L. PLANTE
        Texas Bar No. 00798436
        PLANTE LAW FIRM, P.C.
        5177 Richmond Ave., Suite 1275
        Houston, Texas 77056
        Telephone: (713) 526-2615
        Facsimile: (713) 960-0555

        ATTORNEY-IN-CHARGE FOR PLAINTIFF
        KAREN D. MCNEIL

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Plaintiff's First Amended Judgment as a Matter of Law has been forwarded on the 7th day of November 2007 by electronic mail to:

Ted D. Meyer
Jones Day
717 Texas Ave., Suite 3300
Houston, Texas 77002

                                                /s/   Victoria L. Plante
                                        VICTORIA L. PLANTE