UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAREN D. MCNEIL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 06-cv-02492 |
| | § | |
| **BMC SOFTWARE, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Before the Court are two motions filed by Plaintiff Karen D. McNeil: an Amended Application for Attorney's Fees (Doc. No. 134) and a Motion to Set Aside Defendant's Bill of Costs (Doc. No. 138). Defendant BMC Software, Inc. opposes both motions. The procedural background of this case has been detailed in the Court's previous Order of January 22, 2008 (Doc. No. 132), and therefore will not be repeated here.

I.   ATTORNEY'S FEES

   A.   **Plaintiff's Contract Claim**

Under § 38.001 of the Texas Civil Practice and Remedies Code, a person may recover attorney's fees for a claim based on an oral or written contract.[1] To do so, however, the claimant must show three things: 1) the claimant must be represented by an attorney; 2) the claimant must have presented the claim to the opposing party or to a duly authorized agent of the opposing party; and 3) payment for the just amount must not have been tendered before

---

[1] Section 38.006 creates four exceptions to this rule for contracts issued by an insurer, however, none of the exceptions is relevant to this case.

the expiration of the thirtieth day after the claim was presented. Tex. Civ. Prac. & Rem. Code § 38.002. "[T]he plaintiff bears the burden of pleading and proving that she made presentment of the claim to the opposing party." *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 (Tex.App.—Austin 1991, no writ); *see also European Import Co., Inc. v. Lone Star Co., Inc.* 596 S.W.2d 287, 291 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("The burden of proof is on [the plaintiff] to plead and prove presentment and failure to pay for thirty days.").

It is undisputed that Plaintiff is represented by an attorney. It is also undisputed that Defendant has paid nothing to Plaintiff to compensate her for attorney's fees. The parties disagree, however, as to whether Plaintiff properly pleaded and presented her claim to Defendants as required by § 38.002. Plaintiff argues that her breach of contract claim accrued on February 17, 2005, the date she gave notice of her intent to leave the company, and that presentation of her claim was made on or about March 17, 2005, the day of her exit interview. (Pl.'s Reply, Doc. No. 137, at 4.) According to Plaintiff's sworn affidavit, she demanded the remainder of her sign-on bonus during her exit interview, and while Defendant "did not state that [Defendant] would not pay the sign-on bonus," Defendant did provide Plaintiff a letter stating its position that Plaintiff had breached the sign-on bonus and relocation agreement. (Ex. A, Doc. No. 134, ¶ 2.) Plaintiff argues that this exchange constitutes presentment under Texas law. (Pl.'s Reply, Doc. No. 137, at 4.)[2]

In response, Defendant argues that Plaintiff's alleged presentment during her March 17, 2005 exit interview was legally ineffective. Defendant asserts that Plaintiff's claim did

---

[2] At no point in the course of this litigation has Plaintiff or her counsel identified any subsequent presentation of Plaintiff's claim. This includes the hearing held on March 6, 2008, during which Defendant's counsel specifically noted that the March 17, 2005 exchange was Plaintiff's only alleged presentment.

not arise until Defendant failed to include the second installment of the sign-on bonus in Plaintiff's final paycheck, which was issued on March 31, 2005. Therefore, Defendant argues, Plaintiff had no claim to present on March 17, 2005. (Def.'s Resp., Doc. No. 135, at 4-5.)

Defendant is correct. The plain language of the Texas attorney's fee statute is clear that the presenting party must actually have a claim to present. *See* Tex. Civ. Prac. & Rem. Code § 38.002 ("the claimant must present the claim to the opposing party"). The specific contractual claim for which Defendant has been held liable is its nonpayment of the second installment of Plaintiff's sign-on bonus. Under the sign-on bonus contract, that payment was due to Plaintiff as part of Plaintiff's final paycheck, which was issued on March 31, 2005. It was at that point—when the final paycheck was issued without including the second installment of the sign-on bonus—that Defendant breached the contract and Plaintiff's claim accrued. Because Defendant's breach did not take place until March 31, 2005, Plaintiff had no claim to present on March 17, 2005, and therefore the Court finds that Plaintiff did not satisfy the statutory requirements of § 38.002.[3]

In addition, the Court notes that although Plaintiff's Complaint (Doc. No. 1) demands attorney's fees, it is silent as to presentment. In fact, Plaintiff did not allege presentment until after the Court raised the issue of attorney's fees *sua sponte* at a hearing on December 18, 2007, and after Defendant had filed its Brief in Opposition to Plaintiff's Attorney's Fees (Doc. 131) on January 4, 2008. The first such allegation was made on January 29, 2008,

---

[3] In so finding, the Court is mindful of § 38.005, which dictates that the Texas attorney's fees statute "shall be liberally construed to promote its underlying purposes." The power to construe a statute liberally, however, is not tantamount to the power to ignore altogether the statutory language requiring the existence of a claim when presentment is made, especially when the Court is aware of, and Plaintiff has offered, no authority to the contrary.

eighteen months into the litigation. (Pl.'s First Am. App. Attorney's Fees, Doc. No. 134.) The failure to plead presentment provides an alternative, independent ground for denying Plaintiff's request for fees. *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 (Tex.App.—Austin 1991, no writ) ("[T]he plaintiff bears the burden of *pleading* and proving that she made presentment of the claim to the opposing party." (emphasis added)); *see also European Import Co., Inc. v. Lone Star Co., Inc.* 596 S.W.2d 287, 291 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("The burden of proof is on [the plaintiff] to *plead* and prove presentment and failure to pay for thirty days." (emphasis added)).

There is, however, an apparent split in authorities on the subject of pleading presentment. Some cases have followed the *Jim Howe Homes* and *European Import* rule requiring a plaintiff to plead presentment. *See, e.g. Nettles v. Del Lingco of Houston*, 638 S.W.2d 633, 635 (Tex.App.—El Paso 1982, no writ) ("The pleadings are insufficient to sustain a claim under [the Texas attorney's fees statute], since the pleadings fail to allege that [the plaintiff] presented the claim to [the defendant], who in turn failed to tender the amount owing on the claim within thirty days after presentment."); *see also Criton Corp. v. Highlands Ins. Co.*, 809 S.W.2d 355, 358 (Tex.App.—Houston [14th Dist.] 1991, writ denied) ("Even though no particular form of presentment is required, the party making the claim must allege in its pleadings that presentment was made and that the party to which the presentment was made failed to tender performance."). At least one case, however, has dispensed with the pleading requirement. *See, e.g. Cirrus Production Co. v. Clajon Gas Co., L.P.*, 993 F.2d 1551, 1993 WL 152642, at *3 (10th Cir. 1993) (table decision without published opinion) ("[W]e conclude as a matter of substantive Texas law that so long as a claimant prevails on a claim that would support the award of fees under section 38.001 and proves compliance with

the requirements of section 38.002, he is entitled to an award of attorney fees, regardless of whether he properly pled compliance with the requirements of section 38.002.").

The Texas Supreme Court has provided some guidance, stating in the context of an attorney's fees dispute that the proper test is whether the petitions gave the defendant "fair notice that [the plaintiff is] seeking recovery of attorney's fees." *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 496 (Tex. 1988). That case forms the basis for the *Cirrus Production Co.* holding, which dispenses with the pleading requirement. *See Cirrus Production Co.*, 993 F.2d 1551, 1994 WL 152642, at *3 (citing *Paramount*). *Paramount*, however, is distinguishable from the instant case. *Paramount* involved a plaintiff who had complied with the presentment requirement under the Texas attorney's fee statute and had attempted to allege presentment in its complaint, but had made a technical pleading error by failing to state that the defendant had failed to tender payment within thirty days. *Paramount*, 749 S.W.2d at 496. The Texas Supreme Court found that the technical error was not so severe as to deprive the defendant of fair notice, and therefore the Supreme Court upheld the award of attorney's fees. *Id.* In contrast, Plaintiff has not complied with the presentment requirement under the Texas attorney's fee statute, and it did not allege presentment at all. *Paramount* is therefore of little guidance. Moreover, *Cirrus Production Co.* was decided in the United States Court of Appeals for the Tenth Circuit and is not binding on the instant case. The Court is therefore obligated to follow the rule of *Jim Howe Homes* and *European Import Co.*, which requires a plaintiff to plead presentment. Plaintiff's failure to do so is an independent, alternative ground for denying her request for attorney's fees.

### B.     Plaintiff's Successful Defense of Defendant's Counterclaim

Plaintiff further argues that, independent of her entitlement to attorney's fees for the successful prosecution of her contract claim, she is entitled to attorney's fees for her successful defense of Defendant's counterclaim. She acknowledges that § 38.001 does not generally provide for attorney's fees for the defense of a contract claim, but she cites *De La Rosa v. Kaples*, 812 S.W.2d 432 (Tex.App.—San Antonio 1991, writ denied), for an exception to that general rule in cases where the matters encompassed by a claim and a counterclaim are indistinguishable. *De La Rosa* states that although the Texas attorney's fees statute does not provide attorney's fees for a pure defense of a claim,

> there is an exception to the general rule of law for cases in which the matters encompassed by the claim and counterclaim are indistinguishable, where they arose from the same transactions, where the same facts required to prosecute the claim are required to defend against the counterclaim; under these circumstances, attorney's fees are appropriate.

812 S.W.2d at 434 (citing *Veale v. Rose*, 657 S.W.2d 834, 841 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.)) (internal quotation omitted).

*De La Rosa*, however, is distinguishable from the instant case. In *De La Rosa*, which involved a dispute over earnest money paid in an aborted land deal, the buyers sued the seller, and the seller counterclaimed. *Id.* at 433. Both claims were for breach of contract arising out of the same facts. *Id.* The jury found for the seller on both the claim and the counterclaim, awarded no damages, and awarded the seller $4,000 in attorney's fees. *Id.* The question on appeal was whether the seller had in fact prevailed on his counterclaim if he was awarded no damages. *Id.* at 434-35. The Court of Appeals upheld the award of attorney's fees, finding that the jury had implicitly sustained the claim of the seller to the earnest money that was

already in his possession when it refused to order that further money change hands. *Id.* at 435. While it is not entirely clear why the Court of Appeals included the language cited above, presumably it did so to explain why it did not attempt to segregate the attorney's fees that were related to the defense of the buyers' claim from those related to the prosecution of the seller's counterclaim.

*De La Rosa* differs from the instant case because the seller in *De La Rosa* was found to be entitled to attorney's fees for the successful prosecution of his contract claim. In contrast, Plaintiff has been found not to have met the statutory requirements for an attorney's fees award on her contract claim. The language from *De La Rosa* that Plaintiff relies on addresses whether attorney's fees for the successful defense of a contract claim must be segregated from the fees for a successful prosecution of a contract claim when the fees for the latter are otherwise authorized; contrary to Plaintiff's position, it does not create a backdoor through which attorney's fees may be awarded to a prevailing party who fails to meet the statutory requirements for an attorney's fees award on her own successful contract claim.

This understanding of the scope of the *De La Rosa* exception is confirmed when that exception is considered in the context of its source, *Veale*. In *Veale* as in *De La Rosa*, plaintiffs and defendants sued one another for breach of contract arising out of common facts. *Veale*, 657 S.W.2d at 836. The plaintiffs prevailed on their claim and asked for attorney's fees without segregating the fees related to the prosecution of their claim from those relating to the defense of the defendants' claim. *Id.* at 841. On appeal from the award of fees, the Court of Appeals held that, because the claims were interrelated, segregation was unnecessary. *Id.* As in *De La Rosa*, and contrary to the instant case, *Veale* involved prevailing parties who were entitled to attorney's fees for the successful prosecution of their

contract claim. Therefore, just like *De La Rosa*, *Veale* allows a party who is otherwise entitled to attorney's fees on a contract claim to receive a fees award for the successful defense of an interrelated claim, but it does not create a backdoor for the award of attorney's fees based on a counterclaim to a plaintiff who was not entitled to fees on her own claim. *Accord G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 551 (Tex.App.—Dallas 2005, no pet.) ("In the case before us, Reece failed to show it was entitled to attorney's fees for prosecution of its claim, so the exception permitting recovery of attorney's fees for defense of an interrelated counterclaim does not apply.").

## II.   COSTS

Federal Rules of Civil Procedure 54(d) states in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The award of costs, however, is not a rigid rule. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284 (1946). This is particularly so when, as here, a jury finds for a plaintiff in part and a defendant in part, thereby obscuring which party has actually prevailed. *In re Corrugated Container Antitrust Litigation*, 756 F.2d 411, 418 (5th Cir. 1985). In the instant case, the jury found for Plaintiff on two contract claims and for Defendant on Plaintiff's employment discrimination claim. Given this verdict, the Court cannot confidently say which party has prevailed for purposes of awarding costs. Moreover, the majority of the testimony and evidence adduced at trial went to a question that was common to all three claims, namely, whether Plaintiff had been forced to leave her employment. The Court therefore finds that accurately apportioning the costs to each claim

would be impossible. For these reasons, Plaintiff's Motion to Set Aside Defendant's Bill of Costs (Doc. No. 138) should be granted.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Application for Attorney's Fees (Doc. No. 134) is **DENIED**, and her Motion to Set Aside Defendant's Bill of Costs (Doc. No. 138) is **GRANTED**. Each party shall bear her or its own attorney's fees and costs.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 3rd day of April, 2008.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.