UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAREN D. MCNEIL, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 06-cv-02492 |
| | § |
| BMC SOFTWARE, INC., | § |
| | § |
| Defendant. | § |

## MEMORANDUM & ORDER

Plaintiff has filed a Motion to Reconsider (Doc. No. 151), asking the Court to reconsider its Order (Doc. No. 149) denying an award of attorney's fees. Plaintiff's Motion does not specify whether she intends to proceed under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60.

Under Rule 59(e), "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Plaintiff's Motion presents no new evidence, nor does it identify clear error by the Court.

Under Rule 60(b), the Court may relieve a party for any of six enumerated reasons, including mistake or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). As a formal matter, Plaintiff has not specified which of these reasons she intends to rely upon. As a substantive matter, none of the Rule 60(b) reasons applies

here. Plaintiff could, and should, have made all of the arguments and authorities advanced in her Motion before the Court entered its Amended Final Judgment (Doc. No. 150).

For these reasons, Plaintiff's Motion to Reconsider (Doc. No. 151) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 2nd day of May, 2008.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.